**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-1440

———————

SALAHUDDIN F. SMART,
                                                      Appellant

v.

ADMINISTRATIVE OFFICE OF THE COURTS STATE OF NEW JERSEY;
JUDGE GLENN A. GRANT, J.A.D.; INTENSIVE SUPERVISION PROGRAM, (ISP);
JOHN DOE ISP PUBLIC DEFENDER;
STATE OF NEW JERSEY ACTING ATTORNEY GENERAL OF NEW JERSEY;
NEW JERSEY OFFICE OF THE PUBLIC DEFENDER ISP UNIT;
LARRY BEMBRY, Deputy Public Defender

———————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-14-cv-04303)
District Judge:  Honorable Freda L. Wolfson

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016
Before:  CHAGARES, KRAUSE and ROTH, Circuit Judges

(Opinion filed: January 4, 2017)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Salahuddin Smart appeals the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2). We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons detailed below, we will affirm.

Smart was a participant in New Jersey's Intensive Supervision Program (ISP). The ISP is "a program of conditional release from custody — a form of intermediate punishment between incarceration and probation — for certain carefully screened non-violent offenders." State v. Abbati, 493 A.2d 513, 520 (N.J. 1985). A three-judge panel is responsible for deciding whether a prisoner should be permitted to enter the ISP. See N.J. Ct. R. 3:21-10(e). Further, "[t]he three-judge panel shall have the authority to resentence offenders, in accordance with applicable statutes, in the event they fail to perform satisfactorily following entry into the program." Id. While Smart's allegations are not entirely clear, it appears that, after being permitted to enter the ISP, the three-judge ISP panel concluded that he had violated the ISP's terms and thus ordered him to return to prison to serve the remainder of his sentence.

In April 2015, after proceedings not relevant here, Smart filed an amended complaint raising claims under 42 U.S.C. § 1983. He claimed, principally, that his due process rights had been violated because he was not permitted under New Jersey law to appeal the ISP panel's adverse decision. See N.J. Ct. R. 3:21-10(e) ("No further

2

appellate review of the panel's substantive decision shall be afforded."). He thus asserted due process claims against entities and individuals responsible for administering the ISP. He also raised ineffective assistance of counsel claims against his former public defender, the Office of the Public Defender, and the deputy public defender, alleging that the public defender should have argued that he had a due process right to appeal. Smart primarily sought injunctive relief — in the form of a declaration that the ISP is unconstitutional and an injunction suspending the operations of the ISP Resentencing Panel — as well as damages from a few defendants.

The District Court, upon screening the amended complaint pursuant to § 1915(e)(2)(B), dismissed it on the ground that it had failed to state a claim upon which relief may be granted. Smart filed a timely notice of appeal to this Court.

We will affirm the District Court's judgment. Initially, we note that, during the pendency of this action, Smart has completed serving his sentence and has been released from custody. See D.C. dkt. #4. Smart's release has mooted his requests for injunctive or declaratory relief concerning the ISP's procedures. See Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (per curiam); Sutton v. Rasheed, 323 F.3d 236, 248-49 (3d Cir. 2003) (per curiam).[1]

Smart can still maintain his claim for damages. See Doe v. Delie, 257 F.3d 309, 314 (3d Cir. 2001). Nevertheless, we agree with the District Court that, even assuming

---

[1] Insofar as Smart seeks declaratory or injunctive relief as to his challenge to the Office of the Public Defender's policies or procedures, his claim is likewise moot because he "no longer has any present interest affected by that policy." Weinstein, 423 U.S. at 148.

that Smart had a liberty interest in his placement in the ISP and that New Jersey law does not provide for appellate review of ISP panel decisions, a lack of appellate review in this context does not violate due process. Due process requires that a parolee be provided some opportunity for a hearing before his parole is revoked for breaching its conditions. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). These due process protections may extend to a pre-parole supervised release program if it is akin to parole. Young v. Harper, 520 U.S. 143, 152-153 (1997); Asquith v. Dep't of Corr., 186 F.3d 407, 411 (3d Cir. 1999). However, parole revocation proceedings do not require "the full panoply of rights due a defendant in [a criminal prosecution]," and the members of a board making such decisions "need not be judicial officers or lawyers" so long as the board is "'neutral and detached.'" Morrissey, 408 U.S. at 480, 489. Furthermore, the Federal Constitution does not impose on the States an obligation to provide appellate judicial review of even criminal convictions. Halbert v. Michigan, 545 U.S. 605, 610 (2005). Therefore, Appellant's sole allegation that he was unable to seek appellate review of the Resentencing Panel decision does not state a claim for a procedural due process violation.

Finally, we also agree with the District Court's dismissal of Smart's claim against his public defender. To pursue a claim under § 1983, a plaintiff must establish that his constitutional rights were violated "by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Smart's public defender, who apparently represented Smart before the ISP panel, does not qualify as a state actor. See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).

Further, while Smart alleges that the deputy public defender should have trained his public defender to argue that a lack of appellate review of the ISP panel's decision violated due process, because the underlying due process claim lacks merit, this claim necessarily fails. See Kneipp v. Tedder, 95 F.3d 1199, 1212 n.26 (3d Cir. 1996).

Accordingly, we will affirm the District Court's judgment.